UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR,

          Plaintiff,

v.

JEFFREY IMMETT, *et al.*,

          Defendants.

CASE NO. 2:22-cv-00838-JHC-JRC

REPORT AND RECOMMENDATION

NOTED FOR: January 27, 2023

This matter is before the Court on referral from the district court and on plaintiff's proposed application to proceed *in forma pauperis* (IFP). *See* Dkt. 1.

Plaintiff, a Washington prisoner who is well-known locally and nationally as an abusive litigant, is seeking to proceed IFP so that he may bring an action against the CEOs of three corporations for breaching an oral contract they made with him in 2016. *See* Dkt. 1-1 at 4. The Court recommends that this matter be administratively closed for four independent reasons.

First, plaintiff is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of

1  Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291
2  (1993). As a bar order litigant, plaintiff may submit only three IFP applications and proposed
3  actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992);
4  *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).
5  When plaintiff filed this matter, he had reached his limit for the year. *See, e.g.*, *Demos v. Wash.*
6  *State Dep't of Corr.,* 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et*
7  *al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC
8  (W.D. Wash. 2022).

9  Second, the 1992 Bar Order provides that the Court will not accept for filing a proposed
10 complaint unless it "is accompanied by an affidavit that the claims have not been presented in
11 any other action in any court and that [Plaintiff] can and will produce evidence to support his
12 claims." 1992 Bar Order at 3. Plaintiff did not include the required affidavit along with his
13 proposed complaint. Further, the Court notes that around the same time plaintiff filed this action,
14 he filed a similar claim against CEOs of three other corporations in an action dismissed by the
15 district court. *See Demos v. Tillerson*, No. 2:22-CV-836-DGE-DWC, 2022 WL 3045091, at *1
16 (W.D. Wash. July 11, 2022), *report and recommendation adopted*, No. 2:22-CV-836-DGE, 2022
17 WL 3041978 (W.D. Wash. Aug. 2, 2022), *appeal dismissed*, No. 22-35626, 2022 WL 16754374
18 (9th Cir. Sept. 23, 2022).

19 Third, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of
20 serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as
21 frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D.
22 Wash. Aug. 23, 1999). Plaintiff did not allege imminent harm in his proposed complaint, nor can

he because the claims he appears to bring are based on a breach of contract.

Finally, plaintiff's proposed complaint contains no federal claims and is patently frivolous. Plaintiff alleges that the CEOs of General Electric, Wal-Mart, and Chevron, backed out of an oral agreement they made with plaintiff to prevent the bankruptcy of their corporations. *See* Dkt. 1-1 at 4, 9. Plaintiff alleges he lost billions of dollars as a result. *See id.* at 9. Needless to say, these allegations are patently frivolous.

Accordingly, the Court recommends that the Clerk be directed to administratively close this matter and to strike any pending motions as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 27, 2023** as noted in the caption.

Dated this 10th day of January, 2023.

_____
J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3